EASTERN DIS.
April, 1841.

DWYER
vs.
POWELL.

## DWYER vs. POWELL.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

An agent who speculates on the purchase made for his principal, by management to get the article cheap and charges the market price, is not acting in good faith.

The practice of agents charging their principals more than they pay for an article purchased by them, is illegal and should be discountenanced.

This is an action to recover a large sum of money as damages occasioned by the defendant's misconduct and bad faith, while acting as agent of the plaintiff in the purchase of a quantity of tobacco.

The plaintiff alleges that he advanced money to the defendant to purchase for him and ship to his order at La Bacca, in

EASTERN DIS.
*April,* 1841.

DWYER
*vs.*
POWELL.

Mexico, a quantity of tobacco in bales.  That he purchased and shipped 1000 bales, invoiced at $4 per bale, with the expenses amounting to $4400, for which he reimbursed himself out of the funds advanced to him ; and shipped it in his own schooner at 25 per cent. higher freight than usual.  That the tobacco was damaged, unmerchantable and wholly unsuitable to the market, by which he lost $20 per bale.  He prays judgment for $10,000 in damages.

The defendant denied generally the plaintiff's allegations and especially all fraud and bad faith; admitted the purchase of the tobacco and shipment in his own vessel, and did so as agent, in pursuance of his orders : that he acted as agent and in good faith, and if the plaintiff has suffered any loss he is not responsible.  He admits he did not give $4 per bale as charged, but by good management he got the tobacco for $3 ; and it was customary to charge the market price ; if the court think proper, however, one dollar may be deducted ; that he purchased the schooner expressly as there was no vessel to be chartered ; and shipped a larger quantity of tobacco, as the plaintiff stated he was determined to engross the whole trade. The defendant expressly avers that so far from owing the plaintiff, the latter is indebted to him in the sum of $2929 24, for freight, charges, insurance, commissions, &c., &c., according to an account annexed, and for which he prays judgment in reconvention.

On these pleadings and issues, and the mass of evidence adduced by the parties, the cause was submitted to a jury, who returned the following verdict :

" We, the jury, find a verdict for the plaintiff, Dwyer, in the principal cause, for $3770, which includes damages."

A strenuous effort was made to obtain a new trial, and overruled.  There was judgment confirming the verdict from which the plaintiff appealed.

*Strawbridge,* for the plaintiff.

*C. M. Jones,* for the appellant.

*Garland, J.* delivered the opinion of the court.

The plaintiff alleges he employed the defendant to purchase for him a quantity of tobacco in bales, to be shipped to La Bacca. That he purchased one thousand bales, for which he charged him four dollars per bale, while he had only paid three dollars for it, that he charged four hundred dollars for commissions and expenses, and that the tobacco on its arrival at the place of destination was found to be entirely worthless.

The defendant admits he was employed as agent of the plaintiff, purchased the tobacco for him in good faith and therefore not liable. He further admits he did charge the plaintiff one dollar per bale more than he paid for it, but says it is the custom of agents in New Orleans to charge the market price for whatever they purchase, although they do not pay so much themselves. He says he got the tobacco at three dollars per bale by good management and thinks he ought to have the benefit of it, but if the court should be of opinion that it is not correct, he is willing the extra dollar per bale should be disallowed. He further avers that although the tobacco was not of the best quality, it was good for the price; that the plaintiff refused to receive it, in consequence of expected hostilities between Mexico and Texas, which would prevent him from smuggling it into the territories of the former nation. He also sets up a demand in reconvention for freight, insurance and other charges.

The case was submitted to a jury, who, after an examination of a number of witnesses, found a verdict for the plaintiff for $3770, for which judgment was rendered and defendant appealed.

The case is one of fact entirely. We think the evidence shows the tobacco was worthless or nearly so. We also think that an agent acting in the manner the defendant has, is not in good faith. We cannot give our assent to the alleged cus-

EASTERN DIS.
*April,* 1841.

DWYER
*vs.*
POWELL.

An agent who speculates in the purchase made for his principal by management to get the article cheap and charges the market price is not acting in good faith.

EASTERN DIS.
April, 1841.

The practice of agents charging their principals more than they pay for the articles purchased by them is illegal and should be discountenanced.

tom in this city of agents charging their principals more than they pay for articles purchased for them, and adjudge it unlawful and dishonest although the agent may effect his bargains by good management.

The jury seem to have understood the case, and we see no good reason to disturb their verdict.

The plaintiff has pressed us to allow him ten per cent. damages for a frivolous appeal. If he had come before us as a fair merchant, we should have listened to him with more favor, but as it is not denied his object in purchasing the tobacco was to violate the revenue laws of another nation, we do not think he ought to be much favored.

The judgment of the Commercial Court is therefore affirmed with costs.